NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| TIMOTHY KEVIN SHEA, | ) | No. 11-17899 |
| | ) | |
| Petitioner - Appellant, | ) | D.C. No. 2:09-cv-01209-JAM-TJB |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| CONNIE GIPSON, Warden, | ) | |
| | ) | |
| Respondent - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 8, 2014[**]
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Timothy Kevin Shea appeals the district court's denial of his petition for a

writ of habeas corpus. See 28 U.S.C. § 2254. We affirm.

(1)  Shea first asserts that his constitutional rights were violated because

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

the jury instructions regarding his crimes of lewd or lascivious acts committed upon a child under the age of fourteen years[1] allowed the jury to return a verdict of guilt on a standard other than beyond a reasonable doubt.[2] Applying AEDPA's deferential standard of review, we hold that the state court did not unreasonably apply clearly established Supreme Court Law. See 28 U.S.C. § 2254(d). Because of a directive of the California Court of Appeal,[3] which was designed to protect defendants,[4] the trial court combined both the substantive offense elements,[5] and the statute of limitations elements[6] into one instruction, but carefully separated the elements and burdens of persuasion applicable to each. The jury was instructed that it had to find Shea guilty beyond a reasonable doubt on the former,[7] but, for the most part, only needed to apply a preponderance of evidence burden to the

---

[1]See Cal. Penal Code § 288(a).

[2]U.S. Const. amend. V.

[3]People v. Ruiloba, 131 Cal. App. 4th 674, 31 Cal. Rptr. 3d 838 (2005).

[4]Id. at 692–93, 31 Cal. Rptr. 3d at 849–50.

[5]Cal. Penal Code § 288(a).

[6]Cal. Penal Code § 803(f)(1).

[7]That, of course, was the correct standard. See In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970).

latter,[8] which did not reduce the burden of persuasion regarding the crime itself.[9] At worst, the instructional language may have injected some ambiguity,[10] but, if so, taken as a whole[11] there was no "'reasonable likelihood that the jury . . . applied the challenged instruction in a way' that violat[ed] the Constitution."[12]

(2)     Shea then asserts that trial counsel was ineffective when she failed to raise the instruction issue at trial.  See Cullen v. Pinholster, __ U.S. __, __, 131 S. Ct. 1388, 1403, 179 L. Ed. 557 (2011); Murray v. Schriro, 745 F.3d 984, 1011–12 (9th Cir. 2014).  Counsel was not ineffective.  Not only was the issue obscure, but also the instruction was designed to protect Shea's right to a fair trial,[13] and, as we have already pointed out, did not actually alter the burden of persuasion. Moreover, in the context of this case and the overwhelming evidence against Shea,

---

[8]One part of the latter required proof by clear and convincing evidence.  See Cal. Penal Code § 803(f)(2)(C).

[9]Cf. Cool v. United States, 409 U.S. 100, 104, 93 S. Ct. 354, 357, 34 L. Ed. 2d 335 (1972) (per curiam); Doe v. Busby, 661 F.3d 1001, 1023 (9th Cir. 2011).

[10]See Rhoades v. Henry, 638 F.3d 1027, 1044–45 (9th Cir. 2011); Mejia v. Garcia, 534 F.3d 1036, 1044–45 (9th Cir. 2008).

[11]See Rhoades, 683 F.3d at 1045.

[12]See Estelle v. McGuire, 502 U.S. 62, 72, 112 S. Ct. 475, 482, 116 L. Ed. 2d 385 (1991).

[13]See Ruiloba, 131 Cal. App. 4th at 692–93, 31 Cal. Rptr. 3d at 849–50.

any error on counsel's part failed to result in a constitutional violation. See Lockhart v. Fretwell, 506 U.S. 364, 369 n.2, 113 S. Ct. 838, 842 n.2, 122 L. Ed. 2d 180 (1993). For the same reasons plus those unique to appellate representation, appellate counsel was not ineffective either. See Smith v. Robbins, 528 U.S. 259, 285–86, 120 S. Ct. 746, 764, 145 L. Ed. 2d 756 (2000); Miller v. Keeney, 882 F.2d 1428, 1433–35 (9th Cir. 1989).

AFFIRMED.